IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TERESA BROCK, :

    Petitioner :

v. : Civil Action No. AMD-00-1441

BALTIMORE CITY DEPARTMENT OF :
SOCIAL SERVICES,
    Respondent :

oOo

**MEMORANDUM**

This action represents the second attempt in as many months by Teresa Brock to have this Court intervene in Child in Need of Assistance ("CINA") proceedings in the Circuit Court for Baltimore City involving her son, Ariel Ghee.[1] The CINA proceedings have been ongoing since at least 1996 and involve a dispute between Ms. Brock and the Baltimore City Department of Social Services ("BCDSS") over medical care for Ariel.[2]

Although an order authorizing shelter care for Ariel was issued in 1996, he apparently remained in the physical custody of Ms. Brock because BCDSS could not locate her. In late 1996, the court issued a warrant for Ms. Brock and a writ of attachment for Ariel. On or about March 29, 2000, Ms. Brock appeared in Baltimore City Circuit Court with Ariel. She ma have appeared because the court had issued warrants for her mother and an older daughter.

Ms. Brock was found in direct contempt of court for leaving the courthouse with Ariel in

---

[1] The earlier case, *Brock v. Baltimore City Dept. of Social Services*, Civil Action No. AMD-00-946, was filed as a habeas corpus action. It was dismissed for lack of jurisdiction.

[2] The Baltimore City proceedings are captioned as *In re Ariel Ghee (0163529)*, Petition No. 896262001.

1996 and he was again placed in shelter care. It appears from the documents submitted by Ms. Brock there is currently a dispute over her visitation with Ariel.

In this action, filed on May 18, 2000, Ms. Brock asks this Court to either dismiss the state court proceedings or "order them removed" to this Court. Under the domestic relations exception to federal jurisdiction, federal courts do not have the power to issue divorce, alimony or child custody decrees. *Ankenbrandt v. Richards*, 504 U. S. 689, 703 (1992). Ms. Brock asserts BCDSS is not providing Ariel with a necessary medical device in violation of the ADA and is not providing him with educational services in violation of the IDEA. Nevertheless, these allegations do not provide a basis upon which this Court might assume jurisdiction over the state court CINA proceedings, under 28 U.S.C. §1441 or otherwise.[3] *See, e.g., Milligan v. Milligan*, 484 F. 2d 446, 447 (8th Cir. 1973) ("removal cannot be maintained where the defendant sets up a federal law as a defense to a nonfederal claim").

Accordingly, a separate Order will be entered dismissing this action.

May 19, 2000
Date

Andre M. Davis
United States District Judge

---

[3] I express no opinion as to whether Ms. Brock could maintain an action on behalf of Ariel for violations of these statutes.

2